{¶ 48} Counsel performed work for a corporation basically run by two brothers. He acted as executor of the estate of one of the brothers. He was sued in his capacity as executor by the remaining brother and the corporation, and then he counter-sued that brother individually and as director of the corporation. He represented the deceased brother's children who were co-defendants in the first suit and co-plaintiff's in the second suit. Finally, he testified on behalf of himself as executor and necessarily on behalf of the deceased brother's children. While I am compelled to agree with the result and reasoning set forth in the majority, I also feel compelled to concur separately to note that I am not comfortable with counsel's multiple roles in this case.
 {¶ 49} Although Ethical Considerations are not mandatory as are the Disciplinary Rules, I would still point to E.C. 5-9, which provides:
 {¶ 50} "An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. * * * The roles of advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively."
 {¶ 51} Because appellants failed to raise allegations surrounding conflict of interest below and essentially waived other raised disqualification arguments by suggesting that counsel's partner in the law firm represent appellees, I cannot dissent from the majority opinion.